**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-01214** |
| | § | |
| **MAR ENTERPRISES LLC** | § | |
| | § | |
| **Defendant.** | § | |

**TRISURA SPECIALTY INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Trisura Specialty Insurance Company ("Trisura") files this Motion for Default Judgment against MAR ENTERPRISES LLC ("MAR Enterprises"), and shows the Court as follows:

## I. NATURE OF THE ACTION

1. This is a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202. Trisura seeks declaration that no duty to defend or indemnify exists under the relevant commercial liability automobile insurance policy as identified herein with respect to the allegations of liability and damages sought in the pending lawsuit styled *Gass Automotive, Inc. v. MAR Enterprises LLC*, et al; Cause No. 2024-54234, filed in the District Court of Harris County, Texas, 295th Judicial District (the "Underlying Lawsuit") .

2. Trisura also seeks declaration that it owes no obligation pursuant to the MCS-90 Endorsement.

## II. PARTIES

3. Plaintiff TRISURA SPECIALTY INSURANCE COMPANY is a corporation incorporated

in the State of Oklahoma and maintains its principal place of business in the State of Oklahoma.

4. Defendant MAR ENTERPRISES LLC is a limited liability company in Hidalgo County, Texas at 1965 S. 31st Street, McAllen, Texas 78503, and may be served through its registered agent for service of process, Arianna L Contreras at 1965 S. 31st Street, McAllen, Texas 78503 or wherever he or she may be found.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because it involves an amount in controversy which exceeds $75,000.00, exclusive of interest and costs and there is complete diversity of citizenship between Plaintiff and Defendants.

6. TRISURA SPECIALTY INSURANCE COMPANY is a corporation incorporated in the State of Oklahoma and maintains its principal place of business in the State of Oklahoma.

7. MAR ENTERPRISES LLC is a limited liability company in the State of Texas. (Ex. A-1; A-2). MAR ENTERPRISES LLC reports one member, the address on the public record for MAR ENTERPRISES LLC is 1965 S 31st McAllen, Texas 78503, and the mailing address for the individual member, Arianna Contreras, is 3220 FM 2812, Edinburg, Texas 78542. (Id.).

8. Further, this action involves the interpretation and construction and purpose of the MCS-90 Endorsement, which is mandated by federal statute, and interpreted and subject to construction of scope and enforcement as a matter of federal law.

9. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Underlying Lawsuit took place in Harris County, Texas, the Underlying Lawsuit was filed in Harris County, Texas.

## IV. DOCUMENTS ATTACHED

10. The documentation attached and relied on regarding this Motion for Default Judgment are as follows:

| | |
|---|---|
| EXHIBIT A | Secretary of State Records |
| EXHIBIT B | Underlying Plaintiff's First Amended Petition |
| EXHIBIT C | Trisura Policy |
| EXHIBIT D | Affidavit of Service and Return |
| EXHIBIT E | Original Petition in this Declaratory Action |
| EXHIBIT F | Military Declaration |

## V. BACKGROUND SUMMARY

### A. UNDERLYING LAWSUIT

11. The Underlying Lawsuit involves liability and damages sought by Gass Automotive, Inc. ("Gass Automotive") for various services rendered because of a Utility refrigerated trailer (the "Trailer") which caught fire on May 2, 2024. (Ex. B-2; Underlying Lawsuit First Amended Petition, p. 3). At the time of the fire, the Trailer was coupled to a 2015 Peterbilt truck/tractor (the "Truck"). *(Id.)*.

12. The cargo being transported at the time of the fire was "approximately sixteen (16) pallets of milk-related products that require refrigeration." *(Id*. at p. 4).

13. Gass Automotive allegedly "dispatched the appropriate personnel and recovery equipment to safely, efficiently, and completely recover the inoperable Truck, Trailer, and damaged cargo." *(Id.)*.

14. Gass Automotive alleges entitlement to recovery for amounts due for its services and expenses, specifying towing and recovery, storage, impound and rental fees, and also seeking

additional fees with no amount sought included for the additional fees.

15. Gass Automotive asserts that MAR Enterprises was the "Owner of [the] Truck and Trailer", and thus liable as a "motor carrier" pursuant to the Federal Motor Carrier Safety Act and regulations as well as the United States Department of Transportation. (*Id*. at pp. 10-11).

16. Gass Automotive seeks recovery under the legal theories of the Texas Vehicle Storage Facility Act as provided in Chapter 2303 of the Texas Occupations Code, quantum meruit, unjust enrichment, promissory estoppel, negligence (including negligent hiring, respondeat superior, negligent maintenance, negligent entrustment, negligent supervision, and negligent failure to procure adequate insurance coverage), gross negligence, and breach of contract. (*Id*. at pp. 12 – 18).

17. Gass Automotive seeks actual "and/or economic" damages as well as punitive or exemplary damages, reasonable and necessary attorneys' fees, pre-judgment and post-judgment interest, and court costs. (*Id*. at p. 18).

**B. <u>THE TRISURA POLICY</u>**

18. Trisura Specialty Insurance Company ("Trisura") issued policy number TTT-67-2-244499 to first named insured "Mar Enterprises LLC" with a policy period of April 5, 2024 to April 5, 2025, and a combined single limit of $1 million for commercial automobile liability. (Ex. C; C-1). The Trisura Policy includes an MCS-90 Endorsement. (*Id*.).

## V. DEFAULT JUDGMENT: NO DUTY TO DEFEND OR INDEMNIFY

**A. <u>No Coverage: Towing or Storage of Vehicle</u>**

19. Gass Automotive seeks recovery for towing and storage expenses of the vehicle pursuant to Chapter 2303 of the Texas Occupations Code. (Ex. B; p. 12). These damages are not covered under the Trisura Policy.

20. This statutory recovery expressly limits applicability to insurance companies that pay "a claim of total loss on a vehicle":

> SECTION 2303.156(b) of the TEXAS OCCUPATIONS CODE states:
>
> An insurance company that pays a claim of total loss on a vehicle in a vehicle storage facility is liable to the operator of the facility for any money owed to the operator in relation to delivery of the vehicle to or storage of the vehicle in the facility regardless of whether an amount accrued before the insurance company paid the claim.

(*Id*. at pp. 12-13); *citing* Tex. Occ. Code, Sec. 2303.156(b).

21. The Trisura Policy only provides commercial automobile liability, does not include first party property coverage, and is not obligated nor did it pay any total loss for any vehicle. (Ex. C-1).

**B. <u>No Coverage: Breach of Contract</u>**

22. Also, the Trisura Policy excludes any liability assumed by the insured under any contract or agreement:

> **EXCLUSIONS**
>
> **II. Under Coverages A, B, C and D**
>
> a. To liability assumed by the insured under any contract or agreement.

(Ex. C-1; Trisura Policy; base form, p. 2).

23. In the First Amended Petition, Gass Automotive seeks recovery for damages pursuant to several legal theories based on breach of contract or agreement including, without limitation, quantum meruit (Ex. B; pp. 13-14) and promissory estoppel (*Id*. at pp. 14-15).

24. There is no potential for coverage for such liability or damages.

**C. <u>No Duty: Punitive or Exemplary Damages</u>**

25. And, to the extent sought, the Trisura Policy includes an endorsement exclusion for punitive and exemplary damages:

**PUNITIVE & EXEMPLARY DAMAGE EXCLUSION**

**THIS ENDORSEMENT CHANGES THE POLICY.**
**PLEASE READ IT CAREFULLY.**

> . . . .
>
> This policy does not cover fines, penalties, damages multiplied by operation of law, or punitive or exemplary damages. This exclusion applies regardless of whether the damages are based upon the insured's conduct or the conduct of some other party for whom the insured may be legally responsible.
>
> If the exclusion of punitive and exemplary damages is not permitted by the law of the state in which a claim for punitive or exemplary damages is brought, then this exclusion shall limit those damages to the extent permitted by law. In no event shall the total of compensatory and punitive or exemplary damages b[e] payable in excess of the limit of coverage provided herein.

(Ex. C-1; Punitive & Exemplary Damage Exclusion Endorsement; TSIC-0055 (20200623).

26. There is no potential for coverage for any punitive or exemplary damages.

**D. <u>No Evidence of MCS-90 Endorsement Obligation</u>**

26. The Trisura Policy includes a MCS-90 Endorsement. However, the MCS-90 Endorsement creates an independent basis for payment pursuant to federal statute and regulations, the purpose of which is succinctly stated in the endorsement itself:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

(Exhibit C-1; MCS-90 Endorsement, p. 2)(bold emphasis added).

27. The allegations do not assert nor has any information been provided to evidence any potential obligation pursuant to the MCS-90 Endorsement.

## VI. <u>GOVERNING FEDERAL RULES OF CIVIL PROCEDURE</u>

**A. <u>Federal Rule of Civil Procedure 55(a): Entry of Default</u>**

28. Federal Rule of Civil Procedure 55(a) governs the requirements for the entry of default. This Rule provides, in relevant part, the following regarding the mandatory entry of default:

> **FRCP 55. DEFAULT; DEFAULT JUDMGMENT**
>
> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> . . . .

Fed.R.C.P. 55(a) (underline emphasis added).

29. The required answer date is "within 21 days after being served with the summons and complaint." Fed.R.Civ.P. 12(a)(1)(A)(ii).

30. Service was conducted and accepted, perfecting service, on MAR Enterprises by posting securely affixing to the main entry way/front door of 1965 S. 31st McAllen, Hidalgo County, TX 78503 on July 22, 2025, and Affidavit of Service was filed on July 23, 2025. (Ex. D; Affidavit of Service and Return).

31. MAR Enterprises filed no motion or responsive pleading as of the end of business on August 14, 2025, which is more than 21 days after the date of service.

32. Because no response of any kind was filed, Trisura requested Entry of Default on August 15, 2025. (Dkt. 11).

33. The clerk entered default on August 29, 2025. (Dkt. 13).

**B. Federal Rule of Civil Procedure 55(b): Default Judgment**

34. Federal Rule of Civil Procedure 55(b) provides the following, in relevant part, regarding the entry of default judgment:

> **FRCP 55. DEFAULT; DEFAULT JUDMGMENT**
>
> . . . .

> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.** In all other cases, the party must apply to the court for default judgment. . . .

Fed.R.C.P. 55(b)(1)(underline emphasis added).

35. In this case, as set forth above, Trisura seeks declaratory judgment relief that it owes no duty of defense or indemnity regarding the Underlying Lawsuit, and that there is no potential obligation pursuant to the MCS-90 Endorsement regarding same. No damages are sought.

36. As explained above, and as evidenced, Trisura is entitled to default judgment declaring as a matter of law that it owes no duty of defense or indemnity regarding the Underlying Lawsuit, and, in addition, that there is no potential for any obligation under the MCS-90 Endorsement.

37. Specifically, without limitation, Trisura expresses and evidences the following as to MAR Enterprises:

a. Trisura filed the original pleading in this case on March 14, 2025. (Ex. E);

b. MAR Enterprises was served on July 22, 2025, and the affidavit of return of service evidencing same was filed with this Court on July 23, 2025. (Ex. D);

c. MAR Enterprises is not a minor or an incompetent person because it is a limited liability company, and was sued in such corporate capacity (Ex. D; F,);

d. As a limited liability company, MAR Enterprises does not qualify to even potentially be an individual serving in military service. (Ex. F; Declaration of Teresa Bohne).

e. Because no timely response was filed by end of business on August 14, 2025, after the required time to respond, Trisura requested Entry of Default on August 15, 2025. (Dkt. 11).

f. The clerk entered default on August 29, 2025. (Dkt. 13).

38. As asserted and evidenced, Trisura is entitled to default judgment pursuant to Federal Rule of Civil Procedure 55.

## VII. PRAYER FOR RELIEF

38. Trisura respectfully requests that this Court grant default judgment against MAR Enterprises, ordering declaratory judgment as a matter of law that it owes no duty of defense or indemnity regarding the Underlying Lawsuit and, in addition, that there is no potential for any obligation under the MCS-90 Endorsement.

39. Trisura agrees to waive its right to attorneys' fees and costs for this Declaratory Action.

Dated: September 24, 2025

/s/ Teresa Bohne
**Teresa Bohne**
**Attorney in Charge**
**Texas Bar No.: 02565060**
**Southern District of Texas Bar No.: 3761104**
**BOHNE INSURANCE LAW, PLLC**
**9655 Wharf Road #123**
**Coppell, Texas 75019**
**bohneinsurancelaw@gmail.com**
**(214) 725-3826**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September 2025, the foregoing was electronically filed with the U.S. District Court Clerk, for the Southern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

I further certify that the court-stamped version of the foregoing will be mailed via USPS Certified Mail, Return Receipt requested to the following, once court stamped copies of same are received:

MAR ENTERPRISES LLC
c/o Arianna L Contreras
1965 S. 31st Street,
McAllen, Texas 78503

/s/ Teresa Bohne
Teresa Bohne