United States District Court
Southern District of Texas
**ENTERED**
February 24, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:25-cv-01214** |
| | § | |
| **MAR ENTERPRISES LLC** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER GRANTING DEFAULT JUDGMENT**

The Court, having considered Plaintiff Trisura Specialty Insurance Company's ("Trisura") Request for Entry of Default, and having considered Trisura's Motion for Default Judgment, and all documentation and evidence in support thereof, finds that Default Judgment should be granted in favor of Trisura against Defendant MAR Enterprises LLC d/b/a MAR Enterprises ("MAR Enterprises").

**Pursuant to Federal Rule of Civil Procedure 55,** default judgment should be entered against Mar Enterprises based on the following:

1. Trisura has established jurisdiction and service of process and that MAR Enterprises is not an infant, incompetent person, or in active military service of the United States of America.

2. Service was conducted and accepted, perfecting service, on MAR Enterprises by posting securely affixing to the main entry way/front door of 1965 S. 31st McAllen , Hidalgo County, TX 78503 on July 22, 2025, and Affidavit of Service was filed on July 23, 2025. (Ex. E; Affidavit of Service and Return).

3. MAR Enterprises filed no motion or responsive pleading as of the end of business on August 14, 2025, which is more than 21 days after the date of service.

4. Because no response was filed, Trisura requested an entry of default on August 15, 2025. (Dkt. 11)

5. The the clerk entered default on August 29, 2025. (Dkt. 13).

5. To date, MAR Enterprises has not appeared in this action.

6. This action is a Declaratory Judgment Action and no damages are sought.

**IT IS HEREBY ORDERED** that Trisura's Motion for Default Judgment against MAR Enterprises is **GRANTED. IT IS ORDERED** that Trisura owes no duty of defense or indemnity pursuant to the Trisura Policy commercial automobile liability part or any potential obligation pursuant to the MCS-90 Endorsement as follows:

1. For all of the reasons set forth in Trisura's Motion for Default Judgment, the Court grants declaratory default judgment in favor of Trisura that it owes no duty to defend MAR Enterprises regarding the allegations of liability and damages sought in the lawsuit styled *Gass Automotive, Inc. v. MAR Enterprises LLC, et al.*, Cause No. 2024-54234, filed in the Distict Court of Harris County, Texas, 295th Judicial District ("Underlying Lawsuit");

2. For all of the reasons set forth in Trisura's Motion for Default Judgment the Court grants declaratory default judgment in favor of Trisura that it owes no duty to indemnify MAR Enterprises regarding the allegations of liability and damages sought in the Underlying Lawsuit; and

3. For all of the reasons set forth in the Motion for Default Judgment, the Court grants declaratory default judgment in favor of Trisura that it owes no obligation pursuant

to the MCS-90 Endorsement regarding the allegations of liability and damages sought in the Underlying Lawsuit.

Dated this 24th day of Feb, 2025

JUDGE PRESIDING